IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHOHREH REZAEI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 11-0467-N |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| Of Social Security, ) | |
| ) | |
| Defendant. ) | |

ORDER

Plaintiff has filed a Motion for Attorneys' Fees Pursuant to the EAJA (doc. 22) and supporting memorandum (doc. 23). The Commissioner has filed a Response (doc. 25), opposing the motion on the basis that the decision of the Commissioner was substantially justified.[1]

The court remanded the plaintiff's claim to the Commissioner on July 20, 2012. Doc. 20. Plaintiff was thus the prevailing party in this action. Section 204(d) of the Equal Access to Justice Act (EAJA), codified in 28 U.S.C. § 2412(d), provides in pertinent part that "a court shall award to a prevailing party ... fees and other expenses ... in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified."

---

[1] The Commissioner alternatively argues that any award should be made to the plaintiff, not to plaintiff's counsel. *See* Astrue v. Ratliff, 130 S.Ct. 2521, 2524 (2010)(EAJA fees payable to plaintiff, not counsel). In addition, plaintiff filed a one-paragraph Reply (doc. 26) which simply adopts the original motion and memorandum.

The Court found that the ALJ's holding that the plaintiff's migraines were not disabling was based in part on a holding unsupported by the record.  Specifically, the ALJ discounted plaintiff's complaints of pain because plaintiff reported that she only took 9 Imitrex pills per month.  The ALJ held that, if she had needed them, plaintiff could readily have obtained more medicine at reduced or no cost from medical service providers in Mobile who made such medications available to indigent persons.  The record contained no supporting evidence showing the existence of such free care and the ALJ did not ask the unrepresented claimant about any efforts to obtain free medication or her awareness of such services.

The Commissioner argues that other evidence in the record could have supported the ALJ's decision to discredit plaintiff's reports of pain.  In making this argument, the Commissioner cites the "fact" that plaintiff only took migraine medication twice a week.  Though the Commissioner argues that plaintiff's testimony "clearly connot[es] the sufficiency of this level of use rather than the limited use thereof due to availability of the medication," doc. 25 at 3, such a reading is not supported by the record.  Indeed, the cited testimony of twice-weekly use of Imitrex correlates to approximately 9 pills per month.  The court's order cited plaintiff's hearing testimony that she suffered migraines "daily" and that she used other medications—Aleve and Zanaflex—every night when she lacked Imitrex.

The Commissioner also points to plaintiff's activities of daily living, but attempts to minimize plaintiff's testimony that she did so despite migraine pain.  While it is possible that, had the ALJ made an adverse credibility finding based solely on plaintiff's self-reported activities of daily living, it might have withstood judicial review under the

deferential "substantial evidence" standard, that is not the situation presented in this case. The testimony which was discredited was not that she suffered debilitating migraines every moment of every day but that she had such pain daily, a situation which would not necessarily be contradicted by her testimony that she was able to perform some level of basic housework at some times.  The ALJ's decision does not describe evidence which either shows the extent of such housework, but plaintiff did testify that she cared for her children regardless of the pain.  Doc. 20 at 7 n. 7.  The court thus cannot, and will not attempt to, determine whether a hypothetical holding might have been reasonable in light of hypothetical evidence.   On the record presented, the Commissioner has not borne its burden to demonstrate that his position was substantially justified.

Plaintiff's counsel requests an award of fees in the amount of $1,091.52, representing 6 hours of compensable work at the appropriate hourly rate of $181.92.  The Commissioner does not challenge the reasonableness of this fee and the calculation of the hourly rate complies with the formula applied by this court.  *See* Lucy v. Astrue, CV 06-147-C (S.D.Ala., July 5, 2007).  In addition, plaintiff seeks reimbursement for costs in the amount of $350.00, which corresponds to the filing fee paid in this action; the Commissioner does not object to this award.

Accordingly, it is hereby ORDERED that plaintiff's Motion for Award if Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412, is GRANTED and fees and costs awarded to the plaintiff in the amount of $1,441.52.

DONE this the 28th day of January, 2013.

      /s/  Katherine P. Nelson  
      UNITED STATES MAGISTRATE JUDGE